# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
v.
COLLIS MONAH
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 11-30273

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case. Defendant is a 31 year old Canadian, single, the father of two, with no contacts whatsoever to this district. He is unemployed, and is charged with bringing across the border in a rented vehicle 26 kilos of ecstacy pills. The pills have been examined and are confirmed to be MDMA by laboratory testing. Defendant was instructed to transport the pills from Toronto to Atlanta, Georgia, but he was stopped at the border and referred to secondary inspection, when his vehicle was searched and the drugs were recovered. Defendant has admitted his role in the scheme.   (CONTINUE ON PAGE 2)

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 28, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant has no criminal convictions, either in Canada or the United States. He lives with his mother, and his pregnant girlfriend lives nearby. Defendant brought to court a purported list of names of relatives who live in the United States. All six relatives (3 cousins, 2 uncles and an aunt) live in the state of New York. He also proposed the name of an individual who lives in Detroit, a Mr. Mortimer Simpson, who allegedly would welcome the defendant into his home at 21159 Orchard Street in Detroit, MI, 48219, should the Court release defendant on bond. Mr. Simpson is a friend of the Defendant's father. Mr. Simpson had not presented himself to Pretrial Services or the Court either prior to, or at the time of, Defendant's Detention hearing. Mr. Simpson would not be an appropriate 3rd party custodian, as the court was presented with no information whatsoever about Mr. Simpson other than his name and address and telephone number hand written on a piece of paper.

The government argues that the defendant poses a risk of flight and the Court agrees. He has no contacts whatsoever to this district, and lives in Toronto, Canada with his parents. He is a Canadian citizen and is unemployed. He has admitted to his role in this matter. He is facing more than 10 years of prison, given the quantity of drugs involved. There is no way to supervise him in Toronto, or to assure his appearance in court. There is a CVP detainer lodged against him, and it would be very difficult, if not impossible, to keep him in this country legally given his status and the fact that the Government and CVP believe him to be a flight risk. He does not qualify for any of the exceptions that would allow him to reside in the United States. His release back to Canada would be mandatory, and would certainly incrementally raise the possibility that he would not return to this district to appear for his scheduled court hearings.

Pretrial Services concludes that Defendant poses a risk of flight. This Court finds by a preponderance of the evidence that there are no conditions or combination of conditions that would reasonably assure Defendant's appearance in court. Defendant is also deemed to be a danger, due to the quantity of pills recovered from his rented vehicle. Defendant has failed to rebut the presumption of detention. Therefore Detention is Ordered.